UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYNARD E. WASHINGTON,<br><br>    Plaintiff,<br>  v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06884 (JBS-AMD)<br><br>OPINION |

APPEARANCES

Raynard E. Washington, Plaintiff Pro Se
574 Chestnut Street
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

I. <u>INTRODUCTION</u>

Plaintiff Raynard E. Washington seeks to bring a civil rights complaint against Camden County Correctional Facility ("CCCF") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua*

*sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff's Complaint states in its entirety: "I was made to sleep in rooms with 5 other inmates on the floor under toilet in corners or sitting up. [T]he warden instructed the guards to house inmates 4 to 5 inmates in a room and it was overcrowded." Complaint § III(C).

Plaintiff states that these alleged events occurred: "mid-2013 am hours." *Id*. § III(B).

Plaintiff alleges to have sustained boils, a sprained neck, back spasms, sleep deprivation, nosebleeds and emotional distress. *Id*. § IV.

With respect to claims for relief, Plaintiff "would like monetary payment for emotional distress and being treated like an animal. So my value is priceless but whatever the law allows I will accept so my fellow inmates can get relief as well." *Id*. § V. Plaintiff would "like for all the rules to change to help future inmates." *Id*.

### III. STANDARD OF REVIEW

To survive *sua sponte* screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### IV. DISCUSSION

Plaintiff asserts claims against CCCF for allegedly unconstitutional conditions of confinement.

Primarily, the Complaint must be dismissed as CCCF is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCCF must be dismissed with prejudice.

Furthermore, "plaintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

Plaintiff states that the alleged events giving rise to his claims occurred: "mid-2013 am hours." Complaint § III(B). The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

4

detention. Accordingly, the statute of limitations for Plaintiff's claims expired in 2015. As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

### V. CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

February 3, 2017        s/ Jerome B. Simandle
Date                    JEROME B. SIMANDLE
                        Chief U.S. District Judge

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).